IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAVERN KOERNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:065-cv-00024 (ESH) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1994,

the Internal Revenue Service (IRS) disregarded various provisions of the Internal

Revenue Code.  Plaintiff seeks a refund of all taxes paid in, damages for alleged

"wrongful collection," and injunctive relief respecting further federal tax collection

against him.

QUESTIONS PRESENTED

Plaintiff, LaVern Koerner, attempted to served the initial process on the United

States.  Should the Court dismiss the complaint for failure to properly serve the United

States?

Plaintiff's complaint seeks a refund of federal taxes, an injunction against further

tax collection, and damages for alleged "wrongful collection" of federal taxes from

plaintiff.  The complaint fails to allege that plaintiff has filed claims for refund of taxes

or claims for damages from "wrongful collection" of taxes.  Plaintiff has failed to allege

that she has fully paid the taxes she seeks to have refunded.  Does the Court have

jurisdiction to entertain a suit for refund of federal taxes, for damages, and for injunctive relief against federal tax collection under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, LaVern Koerner, filed this complaint on January 6, 2006.  The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1994," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)<u>1</u>/  On January 30, 2006, plaintiff LaVern Koerner filed returns of service showing that plaintiff herself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER # 9 & #10.)

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief.<u>2</u>/ First, plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 33.)  Second, she requests a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds."  (Compl. ¶ 34.)  Last, plaintiff seeks an injunction against "the Internal Revenue Service, its officers,

---

1/  Plaintiff's case is one of over 60 known cases filed in this Court with identical or nearly identical complaints.  Filed simultaneously with this motion is a notice of related cases.

2/  Plaintiff also may be seeking declaratory relief.  (*See* Compl. ¶ 32 where plaintiff seeks a "determination that the Internal Revenue Service, "its principals, officers, agents, 'rogue agents' and/or employees" intentionally or negligently disregarded provisions of the Internal Revenue Code.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected." (Compl. ¶¶ 35, 36.)

## ARGUMENT

### I

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. <u>Davis v. Garcia</u>, 222 F.R.D. 386, 388 (C.D. Cal. 2004); <u>Taylor v. Internal Revenue Service</u>, 192 F.R.D. 223, 224 (S.D. Tex. 1999); <u>Willis v. Tarasen</u>, 2005 WL 1705839, *2 (D. Minn. 2005); <u>Hanberg v. FBI</u>, 2003 WL 21730604, #1 (E.D. La. 2003); <u>Perkel v. United States</u>, 2001 WL 58964, #1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the

3

officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff LaVern Koerner signed the returns of service indicating that she, herself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail.  LaVern Koerner is, of course, a party to this action, and thus cannot properly serve the summons.  Accordingly, plaintiff has failed to properly serve the United States, and her complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HER SUIT

A.   *This Court Lacks Subject-Matter Jurisdiction over*
     *Plaintiff's Refund Claims*

This Court does not have jurisdiction over plaintiff's claim for a tax refund.

Plaintiff does not allege that she has either filed a claim for refund or fully paid the

federal taxes for which she seeks a refund.  Both are necessary to waive the United

States' sovereign immunity.  *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a

claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422

(same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before

filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001)

(same).  Plaintiff has the burden to show that sovereign immunity has been waived.

*See*, *e.g.*, *Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986)

(citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o

suit or proceeding shall be maintained in any court for the recovery of an internal

revenue tax alleged to have been erroneously or illegally assessed or collected . . . until

a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Plaintiff

makes cursory claims that she has "exhausted all administrative remedies," "by

disputing the tax claims . . . and properly petitioning . . .the Commissioner of the

Internal Revenue Service."   (Compl. ¶ ¶ 6, 30.)  She has not alleged, however, that she

filed a claim for refund as required under 26 U.S.C. § 7422.  Since plaintiff has not even

5

alleged that she filed a claim for refund, this Court lacks jurisdiction over her tax refund claims. *Dalm*, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that she fully paid her tax liabilities. On the contrary, she seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (*See* Compl. ¶¶ 35, 36.) This request, in itself, implies that plaintiff has not fully paid the taxes she seeks to recover—an implication fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

Because plaintiff has not alleged that she filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over her claims for a refund of federal taxes.3/

> B. *Plaintiff's Request for Injunctive Relief Is Barred by the Anti-injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 34.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one,

---

3/ Plaintiff has also selected an improper venue for a refund suit. Plaintiff resides in Phoenix, Arizona. (Compl. ¶ 1.) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which the plaintiff resides. *See* 28 U.S.C. § 1402(a)(1); *Saraco v. United States*, 61 F.3d 863 (3d Cir. 1995).

1616749.1

which seeks to enjoin the collection of taxes.  *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff alleges that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax beginning 'tax year' 1994" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing

1616749.1

and her entitlement to relief.  Primarily, she  merely express her dissatisfaction that the

Internal Revenue Service is attempting to collect her unpaid taxes.4/

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the

existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury

and inadequacy of legal remedies.  *See Foodservice & Lodging Institute*, 809 F.2d at 844-45;

*Flynn* , 766 F.2d at 598.  In certain situations, plaintiffs could temporarily forestall

collection—the ultimate relief she  requests—by requesting a "collection due process

hearing" with the Internal Revenue Service.  *See* 26 U.S.C. § 6330.  Moreover, she  can

fully pay the taxes and *then* file a claim for refund.  Because the Internal Revenue Code

provides administrative procedures by which plaintiffs can obtain relief, there is no

equitable jurisdiction.  Accordingly, plaintiff's complaint fails the second prong of the

*Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief

because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the

extraordinary circumstances that may justify issuing an injunction under the judicial

exception.  Thus, the Court should dismiss this case.

      C.   *This Court Lacks Subject-Matter Jurisdiction Over
             Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks

unspecified damages (Compl. ¶ 7.)  This Court does not have jurisdiction over

---

4/  As already discussed, an allegation conceding that taxes have not been fully
paid is fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

1616749.1

plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that she  filed a written claim with the area director which complies with the requirements of the regulations.  Instead, she  simply states, in conclusory fashion, that she has "exhausted all administrative remedies." (Compl. ¶¶  6, 29.)  Therefore, plaintiff has not met her burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.

1616749.1

CONCLUSION

Because plaintiff has failed to properly serve the United States and because the

Court lacks jurisdiction over her complaint, the complaint should be dismissed.

DATE:  March 27, 2006.

Respectfully submitted,


 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6390


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

11

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN

SUPPORT OF UNITED STATES' MOTION TO DISMISS  was caused to be served upon

plaintiff *pro se* on March 27, 2006 by depositing a copy in the United States' mail,

postage prepaid, addressed as follows:

> LaVern Koerner
> 15251 S. 50th Street
> Phoenix, AZ 85044

         /s/ Pat S. Genis
        PAT S. GENIS, #446244

1616749.1